UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PEDRO BENITEZ,

               Petitioner,

                                  <u>MEMORANDUM AND ORDER</u>
      -against-                17-CR-0572(JS)

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------X
APPEARANCES
For Petitioner:   Pedro Benitez, <u>Pro Se</u>
                   #90480-053
                   FCI McDowell
                   P.O. Box 1009
                   Welch, West Virginia 24801

For Respondent:   Michael Maffei, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, New York 11201

SEYBERT, District Judge:

        Pursuant to a Plea Agreement[1] with the Government that included a waiver of his right to appeal or collaterally attack his conviction and sentence, Pedro Benitez ("Petitioner") entered a guilty plea to one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d), and one count of Brandishing a Firearm During a Crime of Violence, in violation of in violation of 18 U.S.C. § 924(c)(1)(a)(ii).   Following the guilty plea, Petitioner was

---

[1]  (<u>See</u> Ex. 2, Plea Agmt., ECF No. 141-2, <u>attached to</u> Government's Opposition, ECF No. 141.)

sentenced to one hundred thirty (130) months of incarceration followed by three years of supervised release. (See Judgment, ECF No. 72.) On September 23, 2019, Petitioner, acting pro se, moved this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (hereafter, the "Petition"). (See ECF No. 120[2]; see also Reply, ECF No. 144.) Petitioner raises two claims of ineffective assistance of counsel, i.e.: (1) that counsel was ineffective for failure to cite Dean v. United States, 137 S. Ct. 1170 (2017), prior to sentencing; and (2) that counsel failed to file a notice of appeal on Petitioner's behalf. (See Petition.) The Government opposes the Petition. (See Opp'n, ECF No. 141.) For the following reasons, the Petition is DENIED in its entirety.

BACKGROUND

I.  The Underlying Crimes[3]

Between July 14, 2017 and September 20, 2017, Petitioner, along with his co-conspirators, committed a series of robberies at gunpoint and at various banks located in Nassau County and Queens County, New York. In each robbery, Petitioner entered

---

[2]  The Court will use the page numbers generated by the Court's electronic case filing ("ECF") system when citing to the Petition.

[3]  The facts are drawn from the Indictment and the Presentence Investigation Report ("PSR") that the Court adopted, as amended, during sentencing. (See Indictment, ECF No. 4; see also ECF No. 13 (order unsealing case); PSR, ECF No. 62, ¶¶ 1-14; Min. Entry, ECF No. 71.)

the bank alone, brandished a firearm, and demanded money from bank employees while his co-conspirators waited outside in a getaway car.  Petitioner stole: $2,216 from the first bank; $6,751 from the second bank; $12,068 from the third bank; and $50,360 from the fourth bank.  After the second bank robbery, law enforcement engaged Petitioner and the driver of the getaway car in a high-speed chase, after which Petitioner and the driver fled on foot leaving behind the stolen money and firearm used by Petitioner in that robbery.  Petitioner and his co-conspirators ultimately stole more than $70,000, with Petitioner keeping the largest portion as the individual who assumed the most risk by going into the banks.

## II.  Petitioner's Guilty Plea

On or around October 17, 2017, a grand jury charged Petitioner for his involvement in the robberies.  (Indictment, ECF No. 4.)  Petitioner was arraigned and detained on November 1, 2017 (Min Entry, ECF No. 14; Order of Detention, ECF No. 16).  Also on November 1, 2017, attorney Mitchell Golub ("Golub") was appointed as Petitioner's attorney (see Appointment of Attorney, ECF No. 11); Golub represented Petitioner through his guilty plea and sentence.

On March 20, 2018, pursuant to a Plea Agreement with the Government, Petitioner pled guilty to Count Four (the predicate armed robbery count) and Count Nine (the Section 924(c) count) of the Indictment.  (See Min. Entry, ECF No. 35; Plea Agmt., ECF No.

3

141-2; Plea Tr., ECF No. 141-1.)  Prior to entering the plea, the Court determined that Petitioner: was competent; had not taken any medication; understood that he had an absolute right to go to trial; understood that, at trial, it is the Government's burden to prove his doubt beyond a reasonable doubt. (Plea Tr. at 8:7-9:5, 11:12-12:4.)  The Court further explained the sentencing exposure Petitioner faced by pleading guilty, specifically that the estimated sentencing range was 130 to 141 months; Petitioner stated that he understood.  (Plea Tr. 9:7-10:18.)

Petitioner acknowledged that: no one forced him to plead guilty; he was not promised a particular sentence; and he was pleading guilty because he was guilty and for no other reason. (Plea Tr. at 16:6-16.)  Additionally, as part of his Plea Agreement, Petitioner agreed that he would not appeal or otherwise challenge his conviction or sentence if the Court sentenced him to a term of imprisonment of 147 months or less, and acknowledged that he agreed not to file an appeal or otherwise challenge his sentence if he was sentenced to 147 months' imprisonment.  (Plea Agmt. ¶ 4; Plea Tr. at 10:19-11:11.)

The Court asked Petitioner to explain what made him guilty of the crimes; Petitioner responded: on September 20, 2017, he entered Queens County Savings Bank, located in Fresh Meadows, Queens County, brandished a gun, pointed it at a bank employee, and demanded money; the bank employee then gave Petitioner money

4

in a bag; he participated in three other armed bank robberies
during which he brandished a gun and demanded and stole money at
gunpoint; he perpetrated these robberies at: (1) Roslyn Savings
Bank in Valley Stream, Nassau County, on July 14, 2017, (2) TD
Bank in Cedarhurst, Nassau County, on August 7, 2017, and (3)
Bridgehampton National Bank in Hewlett, Nassau County, on August
21, 2017. (Plea Tr. 17:16-20:24.)  Thereafter, pursuant to Criminal
Rule 11, the Court accepted Petitioner's guilty plea, finding that
Petitioner made a knowing and voluntary waiver of his rights, and
that Petitioner understood the consequences of pleading guilty.
(Plea Tr. 21:3-11.)

III. Petitioner's Sentencing

        Prior to sentencing, the PSR and the parties' pre-
sentencing submissions were reviewed by the Court.  Given the
offense and Petitioner's criminal history, the Guidelines provided
for a term of imprisonment of 46 to 57 months on Count Four, the
predicate count, with Count Nine requiring a mandatory consecutive
minimum seven-year term of imprisonment.  (See PSR ¶ 75.)  In
opposition, Petitioner argued for an 84-month sentence, the
minimum sentence required by Count Nine of the indictment. (Sent'g
Submission, ECF No. 66.)

        On August 10, 2018, the parties appeared for sentencing.
(See Sent'g Tr., ECF No. 141-3.)  Prior to imposing its sentence,
the Court heard from defense counsel Golub (id. at 8:13-25:9), the

victims' families (id. at 25:19-24, 26:25-29:12, 29:15-31:12), the Government (id. at 31:14-36:6), and Petitioner (id. at 36:16-22). After careful consideration of the Section 3553(a) factors,[4] the Court imposed the minimum Guidelines sentence of 46 months of imprisonment on Count Four and 84 months' (i.e., 7 years') imprisonment on County Nine, to run consecutively, for a total of 130 months' imprisonment, and three years' post-release supervision. (Id. at 18:6-10.)  On August 13, 2018, the Court entered judgment on Petitioner's conviction.

DISCUSSION

I.  <u>Legal Standard</u>

To obtain relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citations omitted); Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht to a § 2255 motion).  Indeed, to

---

[4]  See 18 U.S.C. § 3553(a).

"obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).  Further, a Court must exercise its discretion sparingly because Section 2255 applications "are in tension with society's strong interest in the finality of criminal convictions."  Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633–34.

II.   The Instant Case[5]

        Petitioner's Petition is subject to the well-establish Strickland  ineffective-assistance-of-counsel  analysis.    See Strickland v. Washington, 466 U.S. 668, 688, 693 (1984).  Thus, to prevail on his claims, Plaintiff must "(1) demonstrate that his counsel's  performance  'fell  below  an  objective  standard  of reasonableness' in light of 'prevailing professional norms,' and

---

[5]   Petitioner acknowledges that his Petition is not timely having been filed after August 24, 2019, which is the applicable one-year statute of limitations.  The Petition was filed on September 23, 2019.   However, Petitioner requests his filing deadline be equitably tolled because FCI McDowell, the facility where he is housed, was in lockdown several times.   In support of this argument, Petitioner attaches a "Memorandum" from FCI McDowell Case Manager J. White, stating the facility was in lockdown between August 5, 2019 and September 9, 2019.  (See Ex. A, ECF No. 120 at ECF p.27, attached to Petition.)  In its Opposition, the Government has not addressed the timeliness of the Petition.    Having considered  Petitioner's  tolling  argument  and  supporting documentation, as well as the Government's non-response to that issue, the Court assumes the Petition is timely and proceeds with its consideration of same.

(2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 688, 693). When considering counsel's alleged errors, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. If a petitioner is able to establish an error of constitutional magnitude, he must next establish that he was prejudiced by counsel's performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To succeed on an ineffective assistance of counsel claim in the context of guilty plea, "the petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks and citations omitted). If a petitioner shows that he was subjected to objectively unreasonable representation, he must still show that he was prejudiced. In other words, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A.    Purported Failure to Cite *Dean v. United States*

          Petitioner claims that his attorney was ineffective for
failing to cite Dean v. United States, 137 S. Ct. 1170 (2017), at
his sentencing hearing.  In Dean, the defendant had been convicted
of, inter alia, robberies and violations of 18 U.S.C. Section
924(c).  Below, when sentencing the defendant, the district court
mistakenly believed that it was bound to impose a sentence on the
predicate counts, i.e., the robberies, without consideration for
the sentence required to be imposed on the Section 924(c) count,
despite the district court's belief that a sentence of the
mandatory minimum plus one day was "more than sufficient."  Dean,
137 S. Ct. at 1175.   However, the Supreme Court held that
"[n]othing in § 924(c) restricts the authority conferred on
sentencing courts by § 3553(a) and the related provisions to
consider a sentence imposed under § 924(c) when calculating a just
sentence for the predicate count."  Id. at 1176-77.   In other
words, where it must impose a mandatory minimum sentence under
Section 924(c), nothing in Section 924(c) prevents a district court
from imposing a just, but minimal, one-day sentence for the
predicate crime, so long as the terms run consecutively.  Id. at
1177.

          Here, Petitioner is unable to demonstrate that Golub's
failure-to-cite Dean constituted deficient performance.  While
Petitioner is correct that Golub did not specifically cite to Dean

9

during the sentencing hearing, the arguments advanced by Golub in both his pre-sentencing submission and at the sentencing hearing were consistent with the <u>Dean</u>'s holding.  (Sent'g Submission, at 7, 9; Sent'g Tr. 7:23-8:7.)  Moreover, while Golub did not advocate specifically for a one-day sentence on Petitioner's predicate Armed Bank Robbery conviction, his advocacy for an aggregate 84-month sentence, which is the statutory minimum required by Section 924(c), was effectively a <u>Dean</u> argument.  At sentencing, Golub refined his argument, acknowledging that Section 924(c) required a sentence consecutive to the sentence imposed for the predicate crime and advancing the position that Petitioner be sentenced to just one month for the Armed Bank Robbery conviction, the predicate crime, in addition to the mandatory minimum 84-month sentence for Petitioner's Section 924(c) conviction, for a total of 85 months' incarceration, thereby ensuring the sentence be minimal and legally sound.  (<u>See</u> Sent'g Tr. 7:23-8:7.)  Thus, upon the instant record, the Court finds no basis supporting Petitioner's failure-to-cite ineffective assistance of counsel claim.[6]  Rather, the

---

[6]  The Court also notes that at both the plea hearing (Plea Tr. 8:19-25) and the sentencing hearing (Sent'g Tr. 3:13-15), Petitioner stated, under oath, that he was satisfied with the services of his attorney.  <u>See, e.g.</u>, <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) (when evaluating an ineffective assistance claim, a court may consider the petitioner's own prior statements, including statement that the petitioner made under oath at his plea hearing, which sworn statements carry a "strong presumption of verity"); <u>see also</u> <u>Yushavyev v. United States</u>, 532 F. Supp. 2d 455, 471 (E.D.N.Y. 2008) (quoting <u>Blackledge</u>).  Further, at

record establishes that Golub acted reasonably and diligently in his representation of Petitioner, and his advocacy did not fall outside the wide range of reasonable professional assistance.

Even assuming, <u>arguendo</u>, that Golub's failure-to-cite constituted deficient performance, Petitioner fails to articulate how he was prejudiced by this purported error.  Before imposing sentence, the Court acknowledged and considered Golub's sentencing submission, which argued for a more lenient sentence and offered a plethora of mitigating circumstances, as well as defense counsel's arguments at the sentencing hearing, again arguing for leniency.  (<u>See</u> Sent'g Tr. 15:22-18:5.)  Weighing those considerations and arguments against the serious, violent nature of Petitioner's four (4) armed bank robberies, this Court sentenced Petitioner to 130 months' incarceration, which was the minimum sentence under the Guidelines and well-below the 147 months outlined in Petitioner's Plea Agreement, to which he agreed. Contrary to showing prejudice, this resulting sentence demonstrates Petitioner benefited from Golub's representation. Accordingly, the Court rejects as unavailing Petitioner's failure-to-cite ineffective assistance of counsel claim.

---

sentencing and after his counsel addressed the Court, Petitioner spoke on his own behalf, but did not reference the <u>Dean</u>.

B.   Failure to File Notice of Appeal Claim

Petitioner further contends that Golub deprived him of his right to pursue an appeal before the Second Circuit. (Petition at ECF p.5.)  He asserts he instructed Golub to file a Notice of Appeal on his behalf, but Golub purportedly refused stating that Petitioner had an appeal waiver. (Benitez Supp. Aff., Ex. D, ECF No. 120 at ECF p.30, ¶ 2.)  Petitioner relies upon Roe v. Flores-Ortega, 528 U.S. 470 (2000), and Garza v. Idaho, 139 S. Ct. 738 (2019), in support of this claim.  (See Petition at ECF pp.21-24.) For the following reasons, Petitioner's claim is without merit. In Roe v. Flores-Ortega, the Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  528 U.S. at 477.  Further, if counsel's error results in "the forfeiture of a proceeding itself," prejudice from the error is presumed.  Id. at 483-84.  In Garza v. Idaho, the Supreme Court held that such prejudice is presumed "even when the defendant has signed an appeal waiver."  139 S. Ct. at 744.

Here, in a single conclusory sentence, Petitioner claims that he told Golub to file a notice of appeal, but that his attorney refused.  (Benitez Supp. Aff., ¶ 2.)  However, Petitioner provides no context or details about the circumstances of this conversation, e.g., where, when, or how it took place.  Rather, this declaration is self-serving in nature and, without more, is not sufficiently

persuasive to show that he specifically directed Golub to file an appeal.[7]   In contrast, Golub's affirmation is well-detailed; in it, he avers:

> Following the sentencing, I advised the petitioner that although the sentence that the court imposed was higher than we hoped for, it fell below the 147-month term set forth in the plea agreement that would have entitled him to an unrestricted right of appeal.  I never told him that he could not file a notice of appeal. I did tell him that it was my view that he was unlikely to prevail on appeal due to the waiver.   The Petitioner indicated that he understood what we discussed.
>
> At no point did the Petitioner ever instruct me to file a notice of appeal, and I did not refuse to do so stating as a reason the appeal waiver.  Had he requested that I file a notice of appeal on his behalf, I would have done so notwithstanding the appellate waiver in his plea agreement.   But that simply did not occur.

(Golub Aff., ECF No. 141-4, ¶¶ 4-5.)  Golub's statements of events are corroborated by the record.  At his plea allocution, the Court explained to Petitioner that, pursuant to his Plea Agreement with the Government, Petitioner was waiving his right to appeal as long as he received a sentence lower than 147 months' incarceration, which fact Petitioner stated that he understood (see Plea Tr. 8:19-9:5, 10:19-11:11), and which sentencing is what occurred.  Then,

---

[7]  The Court notes that, in his Reply, Petitioner references another affidavit; however, no such affidavit is attached to the Reply or has otherwise been filed in this case.  (See Reply; see also Case Docket, in toto.)   Nor has Petitioner provide other, additional information to support his position.  (See Reply at ECF p.5.)

13

at sentencing, the Court instructed Golub to advise Petitioner of his rights, even though Petitioner had waived his right to appeal. (Sent'g Tr. 20:14-21.)   Counsel's affirmation details that conversation with Petitioner, and Petitioner has failed to present any reason to doubt the veracity of those details.   As such, Petitioner fails to meet his burden to demonstrate a deficient performance.   See Chung Yu-Holguin v. United States, No. 13-CR-259, 2020 WL 804945, at *13-14 (E.D.N.Y. Feb. 18, 2020), certificate of appealability denied sub nom. Yu-Holguin v. United States, No. 20-961, 2020 WL 8918594 (2d Cir. Oct. 13, 2020)("Conclusory assertions like [Petitioner's], without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel").

       To the extent Petitioner requests a hearing on his Petition, arguing that the issue at hand is Petitioner's word against counsel's (see Reply at ECF p.6), that request is denied. While it is within the Court's discretion whether to grant an evidentiary hearing on a habeas petition, see Davis v. United States, 558 F. App'x 127, 128 (2d Cir. 2014) (holding a "full-blown testimonial hearing" is not required where the issue is whether a petitioner requested that counsel file a notice of appeal, and instructing "it is within [the] district court's discretion to choose a middle road that adequately expands the

14

record without the needless expenditure of judicial resources"
(internal quotation marks and citation omitted)), a hearing is
unnecessary in this instance.  <u>See, e.g.</u>, <u>Lopez v. United States</u>,
No. 03-CR-0317, 2006 WL 2020389, at *2 (S.D.N.Y. July 12, 2006)
(finding that ruling on a § 2255 petition did not require a hearing
where the judge making that ruling had presided over the underlying
trial court proceedings and had the § 2255 petitioner's affidavit
before him).

        Moreover, even if there was a question regarding which
version of events the Court should credit, the result of such
hearing would not be enough for Petitioner to carry his burden on
the instant ineffective assistance claim, because he cannot
establish the requisite prejudice prong of the analysis.  As is
apparent from his Petition, the only claim Petitioner would have
sought to raise on direct appeal was an ineffective assistance
claim. (<u>See</u> Petition at ECF p.23.)  However, Petitioner has been
able to raise that claim here, and the Court has considered it.
<u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 508-09 (2003) (holding
that a petitioner may raise ineffective assistance of counsel
claims in a § 2255 motion even though no ineffective assistance
claims were raised on direct appeal).  Hence, since Petitioner
cannot establish that he has been prejudiced by Golub's performance
(or lack thereof), the denial of habeas relief based upon the
instant ineffective assistance claim is warranted.

15

CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Petitioner's Petition (ECF No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that, because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

**IT IS FURTHER ORDERED** that the Clerk of the Court: (1) mark CLOSED the corresponding civil case, Case No. 19-CV-5429; and (2) mail a copy of this Memorandum and Order to Petitioner at his address of record, including the notation "Legal Mail" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 28,2022
         Central Islip, New York

16